2021 JAN -4 PM 12:52

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 04 2021 ★
BROOKLYN OFFICE

Yitzchok Zylberberg

**Complaint for Employment Discrimination**

21-CV-73

KOVNER, J.
REYES, M.J.

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

-against-

Maimonides Medical Center

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*



RECEIVED
JAN 04 2021
PRO SE OFFICE

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Yitzchok Zylberberg
   Street Address: 715 Avenue M
   City and County: Brooklyn   Kings
   State and Zip Code: New York   11230
   Telephone Number: 347 902 3507
   E-mail Address: 97h@email.com

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Maimonides Medical Center
   Job or Title (if known):
   Street Address: 4802 10th Avenue
   City and County: Brooklyn   Kings
   State and Zip Code: New York   11219
   Telephone Number: 718 283 6000
   E-mail Address (if known):

   Defendant No. 2
   Name:
   Job or Title (if known):
   Street Address:
   City and County:

State and Zip Code _____

Telephone Number _____

E-mail Address _____

(if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name: Maimonides Medical Center
Street Address: 4802 10th Avenue
City and County: Brooklyn Kings
State and Zip Code: New York 11219
Telephone Number: 718 283 6000

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*: _____

☐ Relevant state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☑ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☑ Unequal terms and conditions of my employment.
☑ Retaliation.
☑ Other acts *(specify)*: Age discrimination, Religious discrimination

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) 1993 to Present

4

C. I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [x] religion  Sabbath Observance
- [ ] national origin _____
- [x] age. My year of birth is  1965 . *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

As a health professional working at Maimonides Medical Center, I was retaliated against for advocating on behalf of a hearing disabled colleague and later a pregnant co-worker. I was also constantly denied reasonable timely religious accommodations. I was discriminated against on the basis of age with verbal supervisory reprimands prohibiting me from sitting. I experienced fear, intimidation and reprisals by the defendant agents, especially when attempting to express myself regarding "disciplinary writeups" that were arbitrarily and capriciously targeted against me. Subsequently I was suspended and terminated under a false narrative designed to conceal defendants ongoing disgraceful discriminatory actions. MMC has a stated goal of hiring from within its local community, Boro Park Brooklyn. Yet the Pharmacy Dept. has only hired and retained 2 Sabbath observant Jews in my 27 years,

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

even though the overwhelming majority of the local community is comprised of such individuals.

I, Yitzchok Zylberberg Rph., plaintiff, advocated for a disabled female colleague early in my career while employed as a full-time pharmacist at Maimonides Medical Center, defendant. I spoke up and advocated on her behalf to our Associate Director Roberta Aguglia and other superiors; pleading with them to give her more time, training and allow her utilization of assistive devices, in consideration of her disability. Instead of mitigating the severe tension that she was harshly and unduly placed under, they assigned her to work the overnight (graveyard )shift prior to being proficient and completing her basic training.This was employed as a recipe for her failure .Not having trainers or a helpful colleague around at night who was willing to assist and consult with her was detrimental to the development of this intelligent and competent woman's performance. She was further denied utilization of audio equipment that would have enhanced her telephone usage, which was needed in order to communicate better with the medical and nursing staff, whose lips could not be read by phone. Ironically, she became hearing disabled as a small child when she was given an antibiotic that was ototoxic and she suffered significant permanent hearing loss as a result. Ultimately they fired her and I further represented her at her termination grievance hearing with Pharmacy Department managers and Maimonides Medical Center Human Resources personnel present. Subsequent to this, I began to experience the wrath of Roberta Aguglia's discriminatory conduct, directed towards me .This included placing me on the graveyard shift more often, denying my reasonable schedule requests, denying to work overtime , denying routine shift switching with colleagues and denying my minor lunch hour adjustments - all without plausibility.

As a Sabbath observant Jew who moved from Brooklyn to Long Island in 1996, I required additional travel time on Fridays in the Winter time to faithfully practice my religion.
The requests to work late on other days to make up the time for Friday leave or simply forfeit 2 hours of pay was met with all manner of holy hell by Ms.Aguglia. She routinely ignored my written requests for a reasonable accomodation, that were made 6 weeks in advance and left me hanging untill late, most early Winter Thusrdays .Each week she pretended anew as if she had no idea about my religious accomodation need. When I would ask her again if I could make up the time and leave earlier on Friday she would comment to me 'you're already getting off all Saturdays
and you expect Fridays off too.No way' .It was surreal .Not knowing if I should stay late Wednesday or Thursday ,come in early Friday or simply be forced to call out Friday in order to keep the Sabbath, put me in great turmoil .The Sabbarh begins 18 Minutes prior to sundown ...as early as 4:08 pm in Brooklyn New York.The typical shift lets out at 4pm leaving no time to drive home and observe the Sabbath.If there was a snow storm I would potentially need to randomly park and abandon my vehicle and valuables and possibly walk many miles in the snow storm to avoid transgressing the Sabbath. She toyed with my religious observance and refused to make a reasonable timely accomodation. By
simply scheduling me Sundays to Thursdays in advance, all this conflict would be avoided. However, she relished in her prejudice and commited more vindictive acts against me for standing up for my religious rights and my prior disabled coworkers rights. Ms. Aguglia once again used the schedule as a weapon by reassigning me from working in my usual role, which was on the various pharmacy satellites.I was relegated to the main (central)Pharmacy as a punitive measure, in order to severely scrutinize and micromanage me. As sick as this sounds, she was hoping she would pressure me and set me up into making an error( albeit at the expense of potentially harming a patient)in order to be able take disciplinary action against me.Coming to work every day under these conditions was like walking into a minefeild . This despicable nexus of discimination took place for many years and in order to alleviate some of the discriminatory and retaliatory acts, I was compelled to request a transfer to part-time status when the slot finally became available - albeit at a great financial loss.

In recent years ,whenever I sat down while working on ' verifying the round ' she made reference to my age in commenting 'why do you need to sit your younger than me' implying that I was too old to do the job since I was sitting while working.

The defendant ,Maimonides Medical Center engaged in a nexus of discriminatory conduct and targeted me in compiling minor unsubstantiated irregularities in a retaliatory campaign. In order to conceal their myriad of discriminatory acts they created a phony pretext to suspend and then discharge me. The biased Director of the Department resigned 3 days after he wrongly and unjustly terminated me.

Upon information and belief, the principal discriminator Associate Director Roberta Aguglia has herself been terminated.

David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
tel.212-897-5821 fax 212-897-5811
dnabrams@gmail.com

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS

In the matter of the Complaint of

    Yitzchok Zylberberg,

COMPLAINANT

- against -

Maimonides Medical Center,

            RESPONDENT.

Verified Complaint No.

Federal Charge No.:

I, Yitzchok Zylberberg, residing at 715 Avenue M, Brooklyn NY 11230 charge the above-named respondent whose address is 923 48th Street, Brooklyn, NY 11219 with an unlawful discriminatory practice relating to Employment because of **retaliation**

Date most recent or continuing discrimination took place:  January 29, 2019

The particulars are:

1.    I, Yitzchok Zylberberg, was employed by Respondent (a hospital) (the "Employer") for approximately 27 years until my discharge in January 2019.  At all times I worked as a pharmacist.

2.    I am an observant Jew and therefore during the winter time it was necessary for me to leave work early on Fridays.  Thus, towards the beginning of my employment I requested such an accommodation.

3.    As a result of my request, I started to experience significant difficulties with the associate director of pharmacy, Roberta Aguglia ("Ms. Aguglia") who expressed hostility to my requests.  (Ms. Aguglia was in charge of departmental staffing and work schedules.)

4. I ultimately requested to move to part time hours in order to alleviate these problems, however Ms. Aguglia acted towards me with a negative attitude from that point forward.

5. As an example of her negative attitude, Ms. Aguglia regularly criticized me about my age, stating that since I was younger than her, it was not necessary for me to sit while working.

6. In addition, while employed by the Employer, I advocated on behalf of a couple other employees - one who was pregnant and another who had a hearing disability. These activities appeared to aggravate Ms. Aguglia's negative attitude towards me.

7. Ultimately, Ms. Aguglia had me suspended and discharged, allegedly for making a threatening remark to a co-worker.

8. However I did not make any threatening remark. Moreover, there was no legitimate reason to accept my co-worker's accusation and disbelieve my denial.

9. I believe that his treatment was the result of Ms. Aguglia's hostility towards me over my protected conduct -- requesting religious accommodation and advocating on behalf of pregnant/disabled co-workers.

10. Accordingly I charge the Employer with unlawful discrimination under the New York City Human Rights Law, specifically retaliation and the creation of a hostile working environment on the basis of age.

11. I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice.

**[continued on next page]**

12. I respectfully request that this charge by dual-filed with the EEOC pursuant to the New York work-sharing agreement.

*/s/ Yitzchok Zylberberg*
Yitzchok Zylberberg

Dated: ~~May~~ Sept. 18, 2019

MICHAEL VARNER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01VA6189338
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JUNE 23, 20 20

State of New York )
) ss.:
County of Kings )

Yitzchok Zylberberg affirms the following to be true under penalty of perjury: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

*/s/ Yitzchok Zylberberg*

Subscribed and affirmed to before me this

18 day of Sept, 20 19.

*/s/*

MICHAEL VARNER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01VA6189338
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JUNE 23, 20 20

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

October 2 2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.
☒ issued a Notice of Right to Sue letter, which I received on *(date)*
October 13 2020

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Back Pay, all benefits, Reinstatement or future front pay, Social Security deficits, Pension deficits, Permanent Injunctions, Attorney & Expert Witness Fees Costs, Consequential and Compensatory damages, liquidated damages, Punitive damages and Interest, and any other relief the court deems Just. Failure to Provide documents for Arbitration with Union, by Defendant, is basis for continuing wrongs, Precise damage amounts are to be determined Pending reinstatement and other factors. Egregious Unmitigating retaliatory conduct by Defendant Warrants Punitive damage Award.

6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 28, 2020

Signature of Plaintiff _Yitzchok Zylberberg_
Printed Name of Plaintiff  Yitzchok Zylberberg

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Yitzchok Zylberberg<br>715 Avenue M<br>Brooklyn, NY 11230 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐    On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2020-00066 | Holly M. Shabazz,<br>State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Judy Keenan* (signature)

Judy A. Keenan,
District Director

October 7 2020

*(Date Mailed)*

Enclosures(s)

cc:
**MAIMONIDES MEDICAL CENTER**
Attn: Legal Department
4802 10th Avenue
Brooklyn, NY 11219

Yitzchok Zylberberg
115 Avenue M
Brooklyn N.Y. 11230

PRO-SE 1-4-21

Clerk of U.S. District Court
Eastern District of New York
225 CADMAN PLAZA EAST
Brooklyn N.Y. 11201

PRO-SE

PRO-SE

RECEIVED JAN 04 2021 PRO SE OFFICE